# IN THE UNITED STATES COURT OF APPEALS

# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| *ROBERT PALMESE,*<br>*Petitioner* | )<br>)<br>) | |
| v. | ) | No. **24-1347** |
| | ) | |
| **FEDERAL ENERGY REGULATORY**<br>**COMMISSION,**<br>*Respondent* | )<br>)<br>)<br>) | |

## ROBERT PALMESE
## PROVISIONAL PETITION FOR REVIEW

Pursuant to the Federal Power Act, 16 U.S.C. § 825l(b), and Rule 15(a) of the Federal Rules of Appellate Procedure, Robert Palmese ("Palmese") hereby petitions this Court for review of final actions taken by the Federal Energy Regulatory Commission ("FERC") denying approval of Palmese holding of interlocking directorates pursuant to Section 305(b) of the Federal Power Act, 16 U.S.C. § 825d(b), and FERC's regulations, 18 C.F.R. § 45.8. Petitioner seeks review of the orders designated below:

    1.    *Robert Palmese*, FERC Docket No. ID-10049-000, Order Denying Authorization to Hold Interlocking Positions, 187 FERC ¶ 61,184 (June 25, 2024); and

    2.    *Robert Palmese*, FERC Docket No. ID-10049-001, Notice of Denial of Rehearing by Operation of Law and Providing for Further Consideration, 188 FERC ¶ 62,097 (Aug. 26, 2024).

This Court has jurisdiction under Section 313(b) of the Federal Power Act, 15 U.S.C. § 825l(b), over this Provisional Petition for Review. Petitioner holds

#17540210v3

interlocking positions as the Chief Executive Officer of a group of affiliated public utilities within the Indra Energy corporate family and is aggrieved by FERC's orders.[1]  Petitioner is the applicant below and sought authorization to hold interlocking directorates on April 26, 2024.[2]

Petitioner filed a timely petition for rehearing of FERC's order denying authorization to hold interlocking directorates on July 24, 2024.[3] On August 26, 2024, the Commission issued a notice of denial of Palmese's rehearing request by operation of law, thus rendering the orders final for judicial review under Section 16 U.S.C. § 825l.  FERC's notice stated:

> As provided in 16 U.S.C. § 825l(a), the request for rehearing of the above-cited order filed in this proceeding will be addressed in a future order to be issued consistent with the requirements of such section. As also provided in 16 U.S.C. § 825l(a), the Commission may modify or set aside its above-cited order, in whole or in part, in such manner as it shall deem proper.

FERC has not yet acted on rehearing.  In light of this Court's decision in *Alleghany Defense Project v. FERC*, 964 F.3d 1 (D.C. Cir. 2020) and because Mr.

---

[1] Indra Energy, through its corporate affiliates, is a privately-owned retail provider of electricity and natural gas, dedicated to serving homeowners and businesses across the United States.

[2] Application of Robert Palmese for Authorization to Hold Interlocking Positions, FERC Docket No. ID-10049-000 (April 26, 2024), Accession No. 20240426-5390.

[3] Robert Palmese's Request for Rehearing and Reconsideration of Order Denying Authorization to Hold Interlocking Positions, FERC Docket No. ID-10049-001, (Jul. 24, 2024), Accession No. 20240724-5073.

Palmese believes FERC will authorize the interlocking directorates when it issues a further order on rehearing, Mr. Palmese submits this Provisional Petition for Review.

This Provisional Petition for Review is timely filed within sixty days of the Commission's notice of denial of rehearing by operation of law. See 16 U.S.C. § 825l.

Petitioner requests that the Court set aside the orders and grant such other relief as may be appropriate.

Respectfully submitted,

_____
Randall S. Rich
Pierce Atwood LLP
1875 K Street, NW, Suite 700
Washington, DC  20006
(202) 530-6424
rrich@pierceatwood.com

Attorney for
ROBERT PALMESE

October 25, 2024

# CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2024, a copy of the foregoing Petition for Review was served on the solicitor for the Federal Energy Regulatory Commission and all of the parties on the official FERC service list, see attached, via email, and was also filed in FERC Docket Nos. ID-10049-000 and -001 through the FERC eLibrary.

                                              Respectfully submitted,

                                              _____

                                              Randall S. Rich

# IN THE UNITED STATES COURT OF APPEALS

# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| *ROBERT PALMESE,*<br>*Petitioner*<br><br>v.<br><br>**FEDERAL ENERGY REGULATORY COMMISSION,**<br>*Respondent* | )<br>)<br>)<br>) No. <u>24-1347</u><br>)<br>)<br>)<br>) |

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, and the local rules of this Court, Robert Palmese is not required to provide a Corporate Disclosure Statement because he is a non-corporate entity filing as an individual. Accordingly, no Corporate Disclosure Statement is provided.

/s/ Randall S. Rich
Randall S. Rich
Pierce Atwood LLP
1875 K Street, NW, Suite 700
Washington, DC  20006
(202) 530-6424
rrich@pierceatwood.com

**Attorney for**
**ROBERT PALMESE**

#17555645v2

187 FERC ¶ 61,184
UNITED STATES OF AMERICA
FEDERAL ENERGY REGULATORY COMMISSION

Before Commissioners:  Willie L. Phillips, Chairman;
                       Allison Clements and Mark C. Christie.

| | |
|---|---|
| Robert Palmese | Docket No.  ID-10049-000 |

ORDER DENYING AUTHORIZATION
TO HOLD INTERLOCKING POSITIONS

(Issued June 25, 2024)

1. On April 26, 2024, Robert Palmese filed an application pursuant to section 305(b) of the Federal Power Act (FPA)[1] and part 45 of the Commission's regulations[2] requesting Commission authorization to hold the interlocking positions of Chief Executive Officer of a group of affiliated public utilities within the Indra Energy corporate family (Application).

2. For the reasons discussed below, we deny the authorization requested in the Application.

**I.    Background**

3. Mr. Palmese states that Indra Energy is a privately-owned retail provider of electricity and natural gas.  Mr. Palmese states that the Indra Entities, as described in Exhibit I of the Application, are a group of affiliated public utilities and that the Indra Entities, through their corporate affiliates, are licensed independent sellers of electricity and/or natural gas in the District of Columbia and the states of Delaware, Illinois, Maryland, Massachusetts, Michigan, New Jersey, Pennsylvania, and Virginia.
Mr. Palmese states that as retail electricity suppliers under state-approved programs, the Indra Entities' participation in the wholesale markets is generally limited to balancing activities.  Mr. Palmese also states that within the Indra Energy corporate family there are power marketer affiliates that are authorized to make wholesale sales of electric energy, capacity, and ancillary services at market-based rates.[3]

---

[1] 16 U.S.C. § 825d(b).

[2] 18 C.F.R. pt. 45 (2023).

[3] Application at 1-2; Ex. 1 and 2.

4.     Mr. Palmese states that the corporate ownership structure of the Indra Entities is not encompassed by those positions listed under 18 C.F.R. § 45.9(a) (2023), which provides for automatic authorization of certain types of interlocks. Mr. Palmese states that the interlocking positions at issue here do not "diverge greatly" from those enumerated positions in 18 C.F.R. § 45.9(a). Mr. Palmese asserts that, similar to those positions listed in 18 C.F.R. § 45.9(a), all of the positions Mr. Palmese is seeking authorization to hold are for public utilities that are part of a common corporate family.[4]

5.     Mr. Palmese states that he assumed the positions requiring Commission authorization dating back to January 27, 2009. Mr. Palmese represents that the Indra Entities, to his knowledge, did not make an informational filing to the Commission regarding Mr. Palmese's assumption of the positions, and that the Indra Entities only discovered that authorization under section 305(b) of the FPA was required for Mr. Palmese to hold such interlocking positions after discussions with external counsel in January 2024. Mr. Palmese asserts that upon discovery of this defect, Mr. Palmese and counsel promptly took the steps necessary to file this Application. Mr. Palmese therefore respectfully requests that the Commission consider the late-filed Application in accordance with 18 C.F.R § 45.3 (2023), which permits the Commission to consider such applications on a case-by-case basis.[5]

## II.     Notice

6.     Notice of the Application was published in the *Federal Register*,[6] with interventions or protests due on or before May 17, 2024. None was filed.

## III.     Discussion

7.     Section 305(b) of the FPA provides that "it shall be unlawful for any person to hold the position of officer or director of more than one public utility . . . unless the holding of such positions shall have been authorized by order of the Commission, upon due showing in form and manner prescribed by the Commission, that neither public nor private interests will be adversely affected thereby."[7] Section 45.9(a) of the Commission's regulations authorizes interlocks between two or more public utilities, upon an informational filing, if the public utilities are part of the same public utility holding company system or, generally speaking, if the public utilities are affiliated (that

---

[4] Application at 4.

[5] *Id*. at 5 (citing 18 C.F.R. § 45.3 (2023)).

[6] 89 Fed. Reg. 42,866 (May 16, 2024).

[7] 16 U.S.C. § 825d(b).

is, one owns, wholly or in part, the other) and the "owned" public utility provides, as its primary business, transmission service to or electric power to the "owner" public utility.[8] The Application states that "while the corporate ownership structure of the Indra Entities is not encompassed by those positions listed under 18 C.F.R. § 45.9(a), the interlocking positions at issue in this Application do not diverge greatly from those enumerated positions. Similar to those positions listed in 18 C.F.R. § 45.9(a), all of the positions Mr. Palmese is seeking authorization to hold are for public utilities that are part of a common corporate family."[9]

8. We find that Mr. Palmese did not adequately explain how or why the interlocking positions at issue "do not diverge greatly" from the positions enumerated in section 45.9(a). The Application states that the interlocking positions for which Mr. Palmese seeks authorization to hold are for public utilities from a "common corporate family," but it does not clearly describe what is meant by that term, nor how the various Indra Entities are related. Without this information, we cannot determine whether public or private interests will be adversely affected by Mr. Palmese's holding of the requested interlocking positions, and we therefore deny the authorization requested in the Application.

9. Finally, we note Mr. Palmese's failure to timely request authorization to hold the interlocking positions was not discovered for 15 years.[10] While section 45.3 of the Commission's regulations permits the Commission to consider late filed applications for authorization to hold interlocking positions on a case-by-case basis, the Commission has stated that, "[w]e expect that errors and oversights be both promptly identified and expeditiously rectified, and we reiterate our expectation – grounded in the statute – that applicants be attentive to their obligation to timely file for the required authorizations and thus make every effort to ensure that they act in accordance with the statutory directives in FPA section 305(b)."[11] Given the substantial amount of time it took to identify the oversight, Mr. Palmese failed to adequately explain what steps he has taken to ensure that such failures to comply with FPA section 305(b) and the Commission's regulations do not occur again.

---

[8] 18 C.F.R. § 45.9(a); *see James S. Pignatelli*, 111 FERC ¶ 61,496, at P 13 (2005).

[9] Application at 4.

[10] *Id.* at 5.

[11] *Interlocking Officers and Directors; Requirements for Applicants and Holders*, Order No. 856, 166 FERC ¶ 61,119, at P 11, *order on reh'g*, Order No. 856-A, 168 FERC ¶ 61,021 (2019) (citing 16 U.S.C. § 825d(b)(1)).

Docket No. ID-10049-000 - 4 -

<u>The Commission orders</u>:

      The Application is hereby denied, as discussed in the body of this order.

By the Commission. Commissioner Rosner is not participating.

( S E A L )

                              Debbie-Anne A. Reese,
                                Acting Secretary.

Document Content(s)

ID-10049-000.docx...........................................................1

188 FERC ¶ 62,097
UNITED STATES OF AMERICA
FEDERAL ENERGY REGULATORY COMMISSION

Robert Palmese　　　　　　　　　　　　　　　　　　　　Docket No. ID-10049-001

NOTICE OF DENIAL OF REHEARING BY OPERATION OF LAW AND
PROVIDING FOR FURTHER CONSIDERATION

(August 26, 2024)

　　Rehearing has been timely requested of the Commission's order issued on June 25, 2024, in this proceeding. *Robert Palmese*, 187 FERC ¶ 61,184 (2024). In the absence of Commission action on a request for rehearing within 30 days from the date it is filed, the request for rehearing may be deemed to have been denied. 16 U.S.C. § 825*l*(a); 18 C.F.R. § 385.713 (2023); *Allegheny Def. Project v. FERC*, 964 F.3d 1 (D.C. Cir. 2020) (en banc).

　　As provided in 16 U.S.C. § 825*l*(a), the request for rehearing of the above-cited order filed in this proceeding will be addressed in a future order to be issued consistent with the requirements of such section. As also provided in 16 U.S.C. § 825*l*(a), the Commission may modify or set aside its above-cited order, in whole or in part, in such manner as it shall deem proper.

　　　　　　　　　　　　　　　　　　　　　　Debbie-Anne A. Reese,
　　　　　　　　　　　　　　　　　　　　　　　Acting Secretary.

Document Accession #: 20240826-3018        Filed Date: 08/26/2024

Document Content(s)

ID-10049-001.docx...................................................1